**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RYAN MARTIN and | : | Civil Action |
| ALI MARTIN MARTIN, H/W | : | |
| 234 E. Hortter Street | : | |
| Philadelphia, PA 19119 | : | |
|       **Plaintiffs** | : | |
|      **v.** | : | NO: _____ |
| | : | |
| CITY OF PHILADELPHIA | : | Formerly |
| c/o Law Department | : | |
| 1515 Arch Street | : | **Court of Common Pleas** |
| 14th Floor | : | **Trial Division—Civil** |
| Philadelphia, PA  19102 | : | |
| | : | |
|     and | : | **DECEMBER Term, 2019** |
| | : | **No. 2727** |
| Detective Christopher Sweeney | : | |
| Badge No. 939, | : | |
| Individually and in his official capacity as a | : | **JURY TRIAL DEMANDED** |
| Detective of the City of Philadelphia | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
|     and | : | |
| | : | |
| Lieutenant Waley (NWDD) | : | |
| Badge No. | : | |
| Individually and in his official capacity as a | : | |
| Detective of the City of Philadelphia | : | |
| 1515 Arch Street | : | |
| 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
|     and | : | |
| | : | |
| DEFENDANT, OFFICERS, OFFICER | : | |
| DUANE WATSON, | : | |
| Badge No. | : | |
| Individually and in his official capacity as a | : | |
| Defendant, Officers, Officer of the City of | : | |
| Philadelphia | : | |
| 1515 Arch Street | : | |
| 14th Floor | : | |
| Philadelphia, PA  19102 | : | |

|  | : |
| **and** | : |
|  | : |
| **JOHN AND JANE DOE 1-10** | : |
| **Individually and in their official capacity as a** | : |
| **Defendant, Officers, Officers of the City of** | : |
| **Philadelphia** | : |
| **1515 Arch Street, 14th Floor** | : |
| **8201 State Road** | : |
| **Philadelphia, PA  19102** | : |
|  | : |
|  | : |
| **Defendants** | : |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, (hereinafter "petitioner"), through their counsel, Kathryn Faris, Assistant City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant states the following:

1.     On December 17, 2019 the plaintiffs initiated this action by Writ of Summons in the Court of Common Pleas in Philadelphia, December Term, 2019; No. 2727.  (Exhibit "A.")

2.     On February 25, 2021 the Court of Common Pleas in Philadelphia issued a Judgment of Non Pros in this action.  (Exhibit "B.")

3.     On April 29, 2021 plaintiffs served the City of Philadelphia with the Writ of Summons. (Exhibit "C").

4.     On June 22, 2021 the Court of Common Pleas in Philadelphia entered an order striking the order for Non Pros. (Exhibit "D").

5.     On  September 23, 2021 the Court of Common Please in Philadelphia ordered a Rule to Show Cause why the Complaint should not be dismissed for failure to file a complaint. (Exhibit "E").

6.	On November 12, 2021 the plaintiffs filed a Complaint in this matter. (Exhibit "F").

7.	In Counts I, II, II, IV, V, and VI of the Complaint, the plaintiffs seeks relief against the petitioners pursuant to 42 U.S.C. § 1983 for alleged deprivations of their rights protected by the Constitution of the United States.  (Id.)

8.	28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.	The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

10.	To date, remaining defendants, Detective Sweeney, Lieutenant Waley, Officer Duane Watson, and John Does 1-10 have not been properly served.

11.	True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "G," will be served upon the plaintiffs and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

12.	In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

**Wherefore,** petitioners, City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of  Pennsylvania.

Respectfully submitted,

Anne B. Taylor
Chief Deputy City Solicitor

Date: <u>December 6, 2021</u>		BY:		*/s/ Kathryn Faris*
					**KATHRYN FARIS**
					**Assistant City Solicitor**
					**Attorney I.D. No. 318580**
					City of Philadelphia Law Department
					1515 Arch Street, 14th Floor
					Philadelphia, PA  19102
					215-683-5449

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN MARTIN and** | : | Civil Action |
| **ALI MARTIN MARTIN, H/W** | : | |
| **234 E. Hortter Street** | : | |
| **Philadelphia, PA 19119** | : | |
| **Plaintiffs** | : | |
| **v.** | : | NO: _____ |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | **Court of Common Pleas** |
| **14th Floor** | : | **Trial Division—Civil** |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | **DECEMBER Term, 2019** |
| | : | **No. 2727** |
| **Detective Christopher Sweeney** | : | |
| **Badge No. 939,** | : | |
| **Individually and in his official capacity as a** | : | **JURY TRIAL DEMANDED** |
| **Detective of the City of Philadelphia** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
| **and** | : | |
| | : | |
| **Lieutenant Waley (NWDD)** | : | |
| **Badge No.** | : | |
| **Individually and in his official capacity as a** | : | |
| **Detective of the City of Philadelphia** | : | |
| **1515 Arch Street** | : | |
| **14th FloorPhiladelphia, PA  19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DEFENDANT, OFFICERS, OFFICER** | : | |
| **DUANE WATSON,** | : | |
| **Badge No.** | : | |
| **Individually and in his official capacity as a** | : | |
| **Defendant, Officers, Officer of the City of** | : | |
| **Philadelphia** | : | |
| **1515 Arch Street** | : | |
| **14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | |

|  | : |
| **JOHN AND JANE DOE 1-10** | : |
| **Individually and in their official capacity as a** | : |
| **Defendant, Officers, Officers of the City of** | : |
| **Philadelphia** | : |
| **1515 Arch Street, 14th Floor** | : |
| **8201 State Road** | : |
| **Philadelphia, PA  19102** | : |
|  | : |
|  | : |
| **Defendants** | : |

## NOTICE OF FILING OF REMOVAL

TO:   Rania M. Major, Esquire
RANIA MAJOR, P.C.
2915 N. 5th Street
Philadelphia, PA 19133

PLEASE TAKE NOTICE THAT on December6, 2021 the defendants, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Kathryn Faris*

**KATHRYN FARIS**
**Assistant City Solicitor**
**Attorney I.D. No. 318580**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5445

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN MARTIN and** | : | **Civil Action** |
| **ALI MARTIN MARTIN, H/W** | : | |
| **234 E. Hortter Street** | : | |
| **Philadelphia, PA 19119** | : | |
| **Plaintiffs** | : | |
| **v.** | : | NO: _____ |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | **Court of Common Pleas** |
| **14th Floor** | : | **Trial Division—Civil** |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | **DECEMBER Term, 2019** |
| | : | **No. 2727** |
| **Detective Christopher Sweeney** | : | |
| **Badge No. 939,** | : | |
| **Individually and in his official capacity as a** | : | **JURY TRIAL DEMANDED** |
| **Detective of the City of Philadelphia** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
| **and** | : | |
| | : | |
| **Lieutenant Waley (NWDD)** | : | |
| **Badge No.** | : | |
| **Individually and in his official capacity as a** | : | |
| **Detective of the City of Philadelphia** | : | |
| **1515 Arch Street** | : | |
| **14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DEFENDANT, OFFICERS, OFFICER** | : | |
| **DUANE WATSON,** | : | |
| **Badge No.** | : | |
| **Individually and in his official capacity as a** | : | |
| **Defendant, Officers, Officer of the City of** | : | |
| **Philadelphia** | : | |
| **1515 Arch Street** | : | |
| **14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |

|                                                                                                                                                                                                                                            |     |
| ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | :-: |
| **and**                                                                                                                                                                                                                                    |  :  |
|                                                                                                                                                                                                                                            |  :  |
|                                                                                                                                                                                                                                            |  :  |
| **JOHN AND JANE DOE 1-10**                                                                                                                                                                                                                  |  :  |
| **Individually and in their official capacity as a**                                                                                                                                                                                       |  :  |
| **Defendant, Officers, Officers of the City of**                                                                                                                                                                                           |  :  |
| **Philadelphia**                                                                                                                                                                                                                           |  :  |
| **1515 Arch Street, 14th Floor**                                                                                                                                                                                                           |  :  |
| **8201 State Road**                                                                                                                                                                                                                        |  :  |
| **Philadelphia, PA  19102**                                                                                                                                                                                                                |  :  |
|                                                                                                                                                                                                                                            |  :  |
|                                                                                                                                                                                                                                            |  :  |
| **Defendants**                                                                                                                                                                                                                             |  :  |

## CERTIFICATE OF SERVICE

I, Kathryn Faris, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiffs' attorney on the date indicated below:

TO:    Rania M. Major, Esquire
RANIA MAJOR, P.C.
2915 N. 5th Street
Philadelphia, PA 19133
majorlawyer@comcast.net
allcourts@comcast.net

*/s/ Kathryn Faris*
**KATHRYN FARIS**
**Assistant City Solicitor**
**Attorney ID No. 318580**

Date: December 6, 2021

Exhibit "A"

Rania M. Major, Esquire
**RANIA MAJOR, P.C.**
2915 North 5th Street
Philadelphia, PA 19133
Atty. ID #51298
(215) 291-5009



*Filed and Attested by the*
*Office of Judicial Records*
THIS IS A MAJOR NON-~~DEC 2019 05:53~~R *pm*
*K. KALOGRIAS*

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| RYAN MARTIN and : | COURT OF COMMON PLEAS |
| ALI MARTIN, H/W : | PHILADELPHIA COUNTY |
| 234 E. Hortter Street : | |
| Philadelphia, PA 19119 : | DECEMBER Term, 2019 |
| : | |
| Plaintiffs : | No. |
| v : | |
| : | |
| CITY OF PHILADELPHIA : | |
| c/o Law Department : | |
| 1515 Arch Street : | |
| 14th Floor : | |
| Philadelphia, PA 19102 : | |
| : | |
| and : | |
| : | |
| Detective Christopher Sweeney : | |
| Badge No. 939, : | |
| Individually and in his official capacity as a : | |
| Detective of the City of Philadelphia : | |
| 1515 Arch Street, 14th Floor : | |
| Philadelphia, PA 19102 : | |
| : | |
| and : | |
| : | |
| Lieutenant Waley (NWDD), : | |
| Badge No. : | |
| Individually and in his official capacity as a : | |
| Detective of the City of Philadelphia : | |
| 1515 Arch Street : | |
| 14th Floor : | |
| Philadelphia, PA 19102 : | |
| : | |
| and : | |
| : | |
| POLICE OFFICER DUANE WATSON, : | |
| Badge No. : | |
| Individually and in his official capacity as a : | |

Case ID: 191202727

Police Officer of the City of Philadelphia        :
1515 Arch Street                                   :
14th Floor                                         :
Philadelphia, PA 19102                             :
                                                   :
    and                        :
                                                   :
JOHN AND JANE DOE 1-10,                            :
Individually and in their official capacity as a     :
Police Officers of the City of Philadelphia        :
1515 Arch Street, 14th Floor            :
Philadelphia, PA  19102                            :
                                                   :
   Defendants                       :

---

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

  Kindly issue a Writ of Summons against the defendants in the above-captioned matter.

       Respectfully submitted,

       **RANIA MAJOR, P.C.**

   BY: */s/ Rania M. Major, Esquire*
     Rania M. Major, Esquire

Case ID: 191202727

Rania M. Major, Esquire
**RANIA MAJOR, P.C.**
2915 North 5th Street
Philadelphia, PA 19133
Atty. ID #51298
(215) 291-5009

**THIS IS A MAJOR NON-JURY MATTER**

ATTORNEY FOR PLAINTIFFS

---

RYAN MARTIN and                              :     COURT OF COMMON PLEAS
ALI MARTIN, H/W                              :     PHILADELPHIA COUNTY
234 E. Hortter Street                        :
Philadelphia, PA 19119                       :     DECEMBER Term, 2019
                                             :
        Plaintiffs         :     No.
     v                           :
                                             :
CITY OF PHILADELPHIA                         :
c/o Law Department                           :
1515 Arch Street                             :
14th Floor                                   :
Philadelphia, PA 19102                       :
                                             :
       and                 :
                                             :
DETECTIVE CHRISTOPHER SWEENEY,               :
Badge No. 939,                               :
Individually and in his official capacity as a  :
Detective of the City of Philadelphia        :
1515 Arch Street, 14th Floor      :
Philadelphia, PA  19102                      :
                                             :
       and                 :
                                             :
LIEUTENANT WALEY (NWDD),                     :
Badge No.                                    :
Individually and in his official capacity as a  :
Lieutenant of the City of Philadelphia       :
1515 Arch Street                             :
14th Floor                                   :
Philadelphia, PA 19102                       :
                                             :
       and                 :
                                             :
POLICE OFFICER DUANE WATSON,                 :
Badge No.                                    :
Individually and in his official capacity as a  :

Case ID: 191202727

| | |
|---|---|
| Police Officer of the City of Philadelphia | : |
| 1515 Arch Street | : |
| 14th Floor | : |
| Philadelphia, PA 19102 | : |
| | : |
| and | : |
| | : |
| JOHN AND JANE DOE 1-10, | : |
| Individually and in their official capacity as a | : |
| Police Officers of the City of Philadelphia | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA  19102 | : |
| | : |
| Defendants | : |

## WRIT OF SUMMONS

**TO:**

**CITY OF PHILADELPHIA**

and

**DETECTIVE CHRISTOPHER SWEENEY**

and

**LIEUTENANT WALEY**

and

**POLICE OFFICER DUANE WATSON**

and

**JOHN AND JANE DOES NO. 1-10**

**YOU ARE HEREBY NOTIFIED THAT THE PLAINTIFFS,**
(Usted esta avisado que el demandante)

**RYAN MARTIN AND ALI MARTIN, h/w**

**HAVE FILED AN ACTION AGAINST YOU**

(Han iniciado una acción en contra suya.)

JOSEPH H. EVERS,

*Prothonotary*

BY: _____

Date:  December 17, 2019



Case ID: 191202727

Exhibit "B"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

*MARTIN ETAL*

*V*

*CITY OF PHILADELPHIA, ETAL*

*1912 0 2 727*

**O R D E R**

**AND NOW**, this 17th day of February, 2021, Plaintiff failing to file a complaint, effectuate service and failure to appear at today's Rule hearing a Judgment of Non Pros is entered.

**BY THE COURT:**

_____
**CRUMLISH, III, J.**

Martin Etal Vs City Of -WSNPR

19120272700016

Exhibit "C"

Rania M. Major, Esquire
**RANIA MAJOR, P.C.**
2915 North 5th Street
Philadelphia, PA 19133
Atty. ID #51298
(215) 291-5009


*Filed and Attested by the
Office of Judicial Records
05 MAY 2021 02:16 pm
G.  IMPERATO*

ATTORNEY FOR PLAINTIFF

---

| RYAN MARTIN and ALI MARTIN h/w | : | COURT OF COMMON PLEAS |
| | : | DECEMBER TERM, 2019 |
| Plaintiff's | : | |
| | : | NO. 002787 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |
| Defendants | : | |

---

## AFFIDAVIT OF SERVICE

TO THE PROTHONOTARY:

I hereby certify that I caused a true and correct copy of the Petition to Strike the Entry of Non Pros, the proposed complaint and the Order in accordance with the procedure for Service of Process of Civil Litigation Papers on the City of Philadelphia during Covid-19 Emergency filed in the instant action to be served upon Defendant, City of Philadelphia, by electronic mail, April 29, 2021. See Exhibit "A" attached hereto.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S.§4904 relating to unsworn falsification to authorities.

Respectfully submitted,

**RANIA MAJOR, P.C.**

BY:    /s/*Rania M. Major, Esquire*
Rania M. Major, Esquire
Attorney for Plaintiff's

Date: May 5, 2021

Case ID: 191202727

# EXHIBIT "A"

Case ID: 191202727

**City Closure Complaints <city_closure_complaints@phila.gov>**                    4/29/2021 4:59 PM

# RE: Martin, et al v. City of Philadelphia, et al. No. 191202787

To Rania Major2 <allcourts@comcast.net>

Case ID: 191202727

<u>ACCEPTANCE OF SERVICE</u>

April 29, 2021

I accept service of the Order, Petition, and proposed Complaint in the above matter (191202727) on behalf of the City of Philadelphia and certify that, for the period of the Covid-19 shutdown, I am authorized to do so.

/s/
Joshua Feissner
Divisional Deputy City Solicitor
City of Philadelphia Law Dept

**From:** Rania Ma <allcourts@comcast.net>
**Sent:** Thursday, April 29, 2021 12:53 PM
**To:** City Closure Complaints <City_Closure_Complaints@Phila.gov>
**Subject:** Martin, et al v. City of Philadelphia, et al. No. 191202787

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Dear Sir/Madam,

Kindly accept the attached Order, Motion to Open Non Pros, Proposed Complaint pursuant to the attached order dated April 12, 2021 and docketed on April 20, 2021.

Thank you.

Emelinda Diaz, Secretary to,

Rania M. Major, Esquire
Rania Major, P.C.
2915 North 5th Street
Philadelphia, PA 19133
Telephone: (215) 291-5009
Facsimile: (215) 279-7107

Confidentiality Notice:
This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to allcourts@comcast.net or by telephone at 215-291-5009 and then delete the message and its attachments from your computer.

Case ID: 191202727

**City Closure Complaints <city_closure_complaints@phila.gov>**                    4/29/2021 12:54 PM

# Automatic reply: Martin, et al v. City of Philadelphia, et al. No. 191202787

To Rania Major2 <allcourts@comcast.net>

---

In response to the closure orders issued by Governor Tom Wolf and Mayor Jim Kenney and the guidance of public health officials concerning the COVID-19 public health emergency, the physical offices of the City of Philadelphia Law Department will remain closed to the public until further notice. Our attorneys, legal assistants, and other personnel are working remotely to the extent possible until closure orders are lifted.

This message serves as notice that initial service of process be directed electronically to the City of Philadelphia Law Department via City_Closure_Complaints@phila.gov. ~~Parties should supply with their papers an acceptance of service form with the court caption in accord with appropriate rules of court~~. Documents sent to any other email address or via the United States Postal Service, Federal Express, courier services, facsimile, or other such means will not be read, processed, be deemed served or timely received. The City of Philadelphia expressly reserves the right to challenge any claims of service of process or mailing should papers and documents be transmitted or delivered to the City in any manner inconsistent with the electronic transmission protocol contained in this notice.

If you are seeking to have the City of Philadelphia accept service on any party other than the City of Philadelphia, please list these parties in the e-mail. For each party, the City will respond that it will either accept service, not accept service or that it needs more time to determine whether it will reject or accept service.

**EMERGENCY FILINGS concerning the Department of Licenses and Inspections or Department of Public Health should be directed to Kristin K. Bray, Chief Deputy City Solicitor (Kristin.Bray@phila.gov). All other emergency filings should be directed to Renee Garcia, Chair – Litigation Group (Renee.Garcia@phila.gov).**

Please note that we will return to normal business practices with respect to service of process and incoming hard copy mail once the closure orders are lifted.

Case ID: 191202727

Exhibit "D"

FILED
10 MAR 2021 12:11 pm

Civil Administration

E. MEENAN

RYAN AND ALI MARTIN       :       COURT OF COMMON PLEAS
                          :       DECEMBER TERM, 2019
         Plaintiffs       :
                          :       NO. 002727
     v.                   :
                          :
CITY OF PHILADELPHIA, et al.  :
                          :
         Defendants       :

## ORDER

AND NOW, this *17* day of *June*, 2021, it is hereby ORDERED and DECREED, that the Judgment of Non-Pros entered in this case, on February 17, 2021. by the Honorable James Crumlish, III. is hereby STRICKEN and Plaintiffs, Ryan and Ali Martin, is allowed to file a Complaint within twenty days from the date of this Order.

BY THE COURT:

The Honorable James Crumlish, III

Case ID: 191202727
Control No.: 21030997

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) J. STEWART 06/24/2021

Exhibit "E"

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### TRIAL DIVISION – CIVIL SECTION

**MARTIN**                      :         **CASE NO: 191202727**

        :

   **v.**                       :

        :

**CITY OF PHILADELPHIA, et. al.**      :

## ORDER

**AND NOW**, this 22nd day of September, 2021, it is hereby **ORDERED** that a Rule is issued to show cause why the above-captioned matter should not be dismissed for failure to file a Complaint. A Rule Returnable is scheduled for **October 25, 2021 at 1:00 p.m.** via Zoom before the Hon. Linda Carpenter.

Counsel may access the hearing through the court webpage at www.courts.phila.gov by opening the "LIVESTREAMS" menu and selecting "Common Pleas-Civil Remote Hearing Info-For Counsel and Parties." The Zoom credentials are also provided below for direct log-in.

https://zoom.us/j/4765959315
Meeting ID: 476 595 9315
Dial by your location
    +1 267 831 0333 US (Philadelphia)
    888 475 4499 US Toll-free
    877 853 5257 US Toll-free

BY THE COURT:

_____
CARPENTER, J.

ORDER-Martin Etal Vs City Of Philadelphia Etal

19120272700038

Exhibit "F"

**FILED**
**10 MAR 2021 12:11 pm**
Civil Administration
**E. MEENAN**

Rania M. Major, Esquire
**RANIA MAJOR, P.C.**
2915 North 5th Street
Philadelphia, PA 19133
Atty. ID #51298
(215) 291-5009

*Filed and Attested by the*
*Office of Judicial Records*
*12 NOV 2021 01:53 pm*
*G. IMPERATO*

**THIS IS A MAJOR NON-JURY**

ATTORNEY FOR PLAINTIFF

---

| | |
|---|---|
| RYAN MARTIN and | COURT OF COMMON PLEAS |
| ALI MARTIN MARTIN, H/W | PHILADELPHIA COUNTY |
| 234 E. Hortter Street | |
| Philadelphia, PA 19119 | DECEMBER Term, 2019 |
| | |
| Plaintiffs | No. 2727 |
| v | |
| | |
| CITY OF PHILADELPHIA | |
| c/o Law Department | |
| 1515 Arch Street | |
| 14th Floor | |
| Philadelphia, PA 19102 | |
| | |
| and | |
| | |
| Detective Christopher Sweeney | |
| Badge No. 939, | |
| Individually and in his official capacity as a | |
| Detective of the City of Philadelphia | |
| 1515 Arch Street, 14th Floor | |
| Philadelphia, PA 19102 | |
| | |
| and | |
| | |
| Lieutenant Waley (NWDD), | |
| Badge No. | |
| Individually and in his official capacity as a | |
| Detective of the City of Philadelphia | |
| 1515 Arch Street | |
| 14th Floor | |
| Philadelphia, PA 19102 | |
| | |
| and | |
| | |
| DEFENDANT, OFFICERS, OFFICER | |
| DUANE WATSON, | |
| Badge No. | |

Case ID: 191202727
Control No.: 21030997

Individually and in his official capacity as a  :
Defendant, Officers, Officer of the City of   :
Philadelphia                                   :
1515 Arch Street                               :
14th Floor                                     :
Philadelphia, PA 19102                         :
                                               :
                and                            :
                                               :
JOHN AND JANE DOE 1-10,                        :
Individually and in their official capacity as a:
Defendant, Officers, Officers of the City of   :
 Philadelphia                                  :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA  19102                        :
                                               :
                Defendants                     :

---

NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**
**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**(215) 238-6333**

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIA, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Case ID: 191202727
Control No.: 21030997

Rania M. Major, Esquire
**RANIA MAJOR, P.C.**
2915 North 5th Street
Philadelphia, PA 19133
Atty. ID #51298
(215) 291-5009

**THIS IS A MAJOR NON-JURY MATTER**

ATTORNEY FOR PLAINTIFF

---

| | |
|---|---|
| RYAN MARTIN and<br>ALI MARTIN, H/W<br>234 E. Hortter Street<br>Philadelphia, PA 19119 : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| : | |
|             Plaintiffs  : | DECEMBER Term, 2019 |
| : | |
|         v         : | No. 2727 |

RYAN MARTIN and
ALI MARTIN, H/W
234 E. Hortter Street
Philadelphia, PA 19119

            Plaintiffs

        v

CITY OF PHILADELPHIA
c/o Law Department
1515 Arch Street
14th Floor
Philadelphia, PA 19102

        and

Detective Christopher Sweeney
Badge No. 939,
Individually and in his official capacity as a
Detective of the City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

        and

Lieutenant Waley (NWDD),
Badge No.
Individually and in his official capacity as a
Detective of the City of Philadelphia
1515 Arch Street
14th Floor
Philadelphia, PA 19102

        and

DEFENDANT, OFFICERS, OFFICER
DUANE WATSON,
Badge No.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

DECEMBER Term, 2019

No. 2727

Case ID: 191202727
Control No.: 21030997

Individually and in his official capacity as a  :
Defendant, Officers, Officer of the City of   :
Philadelphia                                                :
1515 Arch Street                                         :
14th Floor                                                  :
Philadelphia, PA 19102                             :
                                                               :
                        and                              :
                                                               :
JOHN AND JANE DOE 1-10,                 :
Individually and in their official capacity as a:
Defendant, Officers, Officers of the City of  :
Philadelphia                                                :
1515 Arch Street, 14th Floor                     :
Philadelphia, PA  19102                            :
                                                               :
                        Defendants                   :

---

## CIVIL ACTION:  (26070- Miscellaneous)

1.      Plaintiff, Ryan Martin, is an individual residing at the above-captioned address.

2.      Plaintiff, Ali Martin, is an individual residing at the above-captioned address.

3.      Plaintiffs are husband and wife.

4.      Defendant, the City of Philadelphia (hereinafter "City"), at all relevant and material times hereto was a political subdivision and municipal corporation duly existing and organized under the laws of the Commonwealth of Pennsylvania, receiving federal and/or state funding, and with a regular business address as above captioned.

5.      Defendants, Defendant, Officers, Officers Christopher Sweeney, Lieutenant Waley, Duane Watson and Defendant, Officers, Officers John and/or Jane Doe Nos. 1-10 (hereinafter collectively "Defendant, Officers") at all times material hereto were employed as Defendant, Officers, officers by Defendant, City of Philadelphia.

Case ID: 191202727
Control No.: 21030997

6. At all relevant and material times hereto, Defendant, Officers, acted within the course and scope of their employment, contract and/or agency, under color of state law and pursuant to the customs, policies and practices of Defendant, City of Philadelphia.

7. At all times relevant and material hereto, Defendant, Officers, were acting for and under the direction of the City of Philadelphia as their agents, servants, contractors, employees and/or workmen and on behalf of the City of Philadelphia under its direction, and within said agency and/or employment.

8. Defendant, City of Philadelphia, acted by and through its officers, agents, servants, workers, employees.

9. On or about December 17, 2017, the Defendants first came to Plaintiffs' home with a request to search the property.

10. Plaintiffs, RYAN MARTIN and MAKKAH ALI, husband and wife, had their property wrongfully searched and were assaulted and injured by the Defendants on December 17, 2017, at 234 East Hortter Street, Philadelphia, PA 19119.

11. Plaintiff, Ali, would not consent to a search as none of the Defendant, City's, employees would tell her the reason for the search request.

12. As Plaintiff, Martin, came up, the Defendants asked him questions that he would not answer.

13. As a result of not answering any questions, the Defendants tightly cuffed Plaintiff, Martin, and began to use excessive force on him as he was not resisting anything.

14. On December 19, 2017 Plaintiffs, RYAN MARTIN and MAKKAH ALI, had their home wrongfully searched by the Defendant, Officers, pursuant to a search warrant (Warrant Control No. 207989, DC#17-14-111041) directed to Anwar Ali, Plaintiff, MAKKAH ALI'S brother, who

Case ID: 191202727
Control No.: 21030997

had never resided in their home and who does not even live in the county, nor was ever in the home.

15. After breaking the house door down, the Defendants put the Plaintiffs' four young children (twin 8 year olds; a 1, almost 2, year old; and, a 4, almost 5, year old) and their dog in a room by themselves upstairs and cuffed the Plaintiffs.

16. The Defendant, Officers, also kept trying to take the baby out of its play pen.

17. For a very long time, the family dog would not leave the children's room.

18. The Defendants also beat, hit, tightly cuffed and punched Plaintiff, Ryan Martin, while he was cuffed and not resisting.

19. The Plaintiffs had just bought their home a few months prior and were in the process of obtaining furniture and décor. They are the only persons on the property title.

20. The Defendant, Officers, took a Glock 21, 4th Generation, full-size .45 semi-automatic handgun with 56 rounds of .45 ammo, lawfully belonging to Plaintiff, RYAN MARTIN, and recorded on Property Receipt 3324948; a Level 3 bulletproof vest with two soft plates and two hard plates on Property Receipt 3324949; and $4,000.00 in cash belonging to Plaintiffs, which was not recorded on a property receipt.

21. Plaintiff, RYAN MARTIN, is a Certified Agent with Firearms, Lethal Weapons Training Act, Certification No. 501089 and has a Pennsylvania License to Carry Firearms, No. 51-00035445. He was lawfully employed as security for the military, and sometimes the Defendant City of Philadelphia, and has now been precluded from working as his work equipment was wrongfully seized and he was injured.

22. As a result of the search, no charges were filed against anyone, nor were there any arrests, including, but not limited to, Plaintiffs, RYAN MARTIN and MAKKAH ALI.

23.     The Plaintiffs believe, and therefore aver, that the Defendants racially discriminated against them as they are black and the Defendants are white.

24.     Since Plaintiff, RYAN MARTIN'S, employment was to provide security for the military and Defendant, City, in its police department, and he could not perform his job duties, or earn a living without his lawfully owned handgun and vest, and Plaintiffs filed an Emergency Petition for Return of Property in criminal court, which was granted on December 22, 2017 at CP-51-MD-8355-2017 and gave the Defendants six days to return all property.

25.     The Plaintiffs could not buy Christmas presents, nor pay their bills, at that time due to the cash taken from them which was not placed upon a property receipt.

26.     Plaintiff, Martin, was given the "run around" to get all of his property back, but, eventually got most, if not all, of it.

27.     Plaintiff, Martin, was to go to the police academy and could not as a direct and proximate result of the injuries he sustained by the Defendants.

28.     As a direct and proximate result of Defendant's aforementioned violent actions toward Plaintiff, Ryan Martin, said Plaintiff sustained injuries including, but not limited to, scapholunate dissociation, lumbar disc herniations and at least one with impingement,  right wrist injuries, left forearm injuries, cervical and thoracic strains and sprains, PTSD, and injuries to his head, neck face, and back, including, but not limited to, severe headaches, blurred vision, dizziness, stiff and painful neck, upper and lower back pain, and pain in both arms and hands.  Plaintiff also experiences sleep loss, difficulty focusing, depression and other emotional injuries, which he believes were racially motivated,  since being attacked by defendants.  All of the foregoing injuries have caused said plaintiff to suffer great mental anguish and physical pain, some or all of which may continue for an indefinite time into the future.

Case ID: 191202727
Control No.: 21030997

29.     As a direct and proximate result of Defendant's aforementioned violent actions toward Plaintiff, Ali and, upon seeing her husband assaulted,  said Plaintiff sustained injuries including, but not limited to, emotional and psychological injuries,  head, neck face, and back, including, but not limited to, severe headaches, blurred vision, dizziness, stiff and painful neck, upper and lower back pain, and pain in both arms and hands.  Plaintiff also experiences sleep loss, depression and other emotional injuries, which he believes were racially motivated,  since being attacked by defendants.  All of the foregoing injuries have caused said plaintiff to suffer great mental anguish and physical pain, some or all of which may continue for an indefinite time into the future.

30.     As a direct and proximate result of the aforementioned, Plaintiffs have received injuries for which they have been forced to receive and undergo medical care and attention, and to incur various expenses therefrom some or all of which may continue for an indefinite time into the future.

31.     As a direct and proximate result of Defendants actions, both Plaintiffs have been caused to suffer great pain and suffering and emotional harm and all of the foregoing injuries have rendered plaintiffs sick, sore; lame, prostrate, disabled, disfigured, and disordered and have forced them to suffer great mental anguish; embarrassment; humiliation; loss of enjoyment of life's pleasures; loss of freedom; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future, as well as deprivation of their liberty and freedom, some of which may be permanent and may continue for an indefinite time into the future.

32.     As a result of the aforesaid actions and inactions, and the injuries sustained thereby, Plaintiffs have been unable to perform their usual and customary daily vocations, occupations, and activities, and  may continue to be unable to do so for an indefinite time into the future to their great detriment and loss.

33. As a result of the aforesaid actions and inactions, the Plaintiffs both suffered loss and depreciation of their earnings and earning capacity, and may continue to suffer the same for an indefinite time into the future to their great detriment and loss.

34. As a result of the aforesaid actions and inactions, Plaintiffs have been and will be obliged to receive and undergo medical attention, care, and treatment for their injuries they have sustained and to expend various sums and/or incur various debts and/or liens for same for an indefinite time in the future to their great detriment and loss.

35. As a direct and proximate result of the said wrongful acts and failures to act of the Defendants, Plaintiffs also suffered the following injuries and damages:

(a) Violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to be free from unreasonable seizure of their person and the resulting loss of their personal liberty, confinement to prison and the hole;

(b) Violation of their rights under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania to equal protection under the law;

(c) Violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to due process of law, as well as violation of other rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;

(d) Violation of their rights under the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to be free from excessive force;

(e) Violation of their rights under the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to adequate medical care while in police custody and/or in prison;

(f) Deprivation and loss of the ability to follow their other usual occupation and customary daily duties and other activities, which may continue for an indefinite time into the future all to their great detriment and loss.

(g) They may be required in the future to expend large sums of money for their medical care and treatment, all to their great financial detriment and loss, which may continue for an indefinite time into the future.

(h) Loss of their personal liberty, right to travel and their confinement to home.

Case ID: 191202727
Control No.: 21030997

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

## COUNT I – FEDERAL ASSAULT AND BATTERY
### PLAINTIFF v. ALL DEFENDANTS

**33.     Plaintiffs hereby incorporate by reference the proceeding paragraphs as though the same were set forth herein at length.**

34.     At all times relevant and material hereto, the defendants lacked the authority, reason and/or cause to strike, assault, batter, verbally abuse, use excessive force upon and/or otherwise injure plaintiff or his property.

35.     The actions and/or inactions of the defendants as more specifically described herein before were unlawful and without justification.

36.     As a direct and proximate result of Defendants aforementioned violent actions toward Plaintiff, Plaintiff has sustained injuries to his head, neck face, and back, including but not limited to severe headaches, blurred vision, dizziness, stiff and painful neck, upper and lower back pain, and pain in both arms and hands.  Plaintiff also experiences heart palpitations and shortness of breath, since being attacked by defendants.  All of the foregoing injuries have caused plaintiff to suffer great mental anguish and physical pain, some or all of which may continue for an indefinite time into the future.

37.     As a direct and proximate result of the aforementioned, Plaintiff has received injuries for which he has been forced to receive and undergo medical care and attention, and to incur various expenses therefrom, some or all of which may continue for an indefinite time into the future.

38.    As a direct and proximate result of defendants 'actions, the plaintiff has been caused to suffer great pain and suffering and emotional harm, some of which may be permanent and is continuing.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

### COUNT II

**PLAINTIFFS' V. DEFENDANTS, CITY, SWEENEY, WALEY,WATSON AND JOHN OR JANE DOES 1-10**
**42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS**

39.    Plaintiffs hereby incorporate by reference all prior paragraphs the same as though set forth herein at length.

40.    The actions of Defendants violated Plaintiffs' right to be free from  safe from assault battery, unreasonable, unnecessary, unjustified, willful, wanton, malicious, and excessive violence and/or use of force under the Fourth Amendment and to due process under the Fourteenth Amendment to the United States Constitution by known violent officers and/or those who make false arrests.

41.    At all times relevant and material hereto, Defendants, acted with malice consisting of ill will toward the Plaintiffs and/or a reckless and oppressive disregard for Plaintiffs' rights, and with a motive of covering up and protecting Defendants from the potential adverse professional and legal consequences of the assault and battery of the Plaintiffs and the violations of the Plaintiffs' Constitutional rights under the Fourth, Fourteenth, and Eighth Amendments and the Constitution of the Commonwealth of Pennsylvania.

42.   As stated herein, the actions of Defendants were grossly negligent, maliciously, intentionally, willfully, wantonly, and purposely directed towards the Plaintiffs to cause the Plaintiffs harm without any justification or cause.

43.   The Defendants violated Plaintiffs' civil rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. Section 1983 in the following:

   a.   permitting an officers to use excessive force and failing to protect the Plaintiffs subjecting them to unjustified, unnecessary, unreasonable, malicious, and excessive force and failing to stop the same;
   b.   Failing to stop the other Defendants , from beating and injuring the Plaintiffs;
   c.   Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to Plaintiffs' federally state protected rights using unreasonable, unnecessary, unjustified, malicious, and excessive force upon Plaintiffs;
   d.   Willfully, wantonly, maliciously, recklessly and/or with callous indifference to Plaintiffs' federally state protected rights failing to prevent and protect the Plaintiffs from injuries by an officer and/or failing to stop the same.
   e.   Willfully, wantonly, maliciously, recklessly and/or with callous indifference to Plaintiffs' federally protected rights preventing Plaintiffs from being falsely arrested and/or maliciously prosecuted;
   f.   Acting with an evil motive or intent to cause the Plaintiffs harm and/or with a reckless or callous indifference to the Plaintiffs' federally protected rights; and
   g.   discriminating against the Plaintiffs due to their race.

44.   As a direct and proximate result of the actions and/or inactions of Defendants and their violations of the Plaintiffs' civil rights, the Plaintiffs suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above, and which are incorporated herein by reference.

   WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

## COUNT III

**PLAINTIFFS' V. DEFENDANTS, CITY, SWEENEY, WALEY,WATSON AND
JOHN OR JANE DOES 1-10
42 U.S.C. §§ 1983 AND FOURTEENTH AMENDMENT VIOLATIONS**

45. Plaintiffs hereby incorporate by reference all prior paragraphs the same as though set forth herein at length.

46. The actions of Defendants violated Plaintiffs' rights to be afe from  and preventable, foreseeable, unreasonable, unnecessary, unjustified, willful, wanton, malicious, and excessive battery, assault, violence, and use of force, under the Fourteenth Amendment to the United States Constitution.

47. At all times relevant and material hereto, Defendants, acted with malice consisting of ill will toward the Plaintiffs and/or a reckless and oppressive disregard for Plaintiffs' rights, and with a motive of covering up and protecting Defendants from the potential adverse professional and legal consequences of the assault and battery of the Plaintiffs and the violations of the Plaintiffs' Constitutional rights under the Fourth and Fourteenth, Amendments and the Constitution of the Commonwealth of Pennsylvania.

48. As stated herein, the actions of Defendants were maliciously, intentionally, willfully, and wantonly directed towards the Plaintiffs to cause the Plaintiffs harm, and without any justification or cause.

49. The Defendants violated Plaintiffs' civil rights under the Fourth and Fourteenth Amendment and pursuant to 42 U.S.C. Section 1983 in the following:

   (a)  Depriving Plaintiffs of his right to be free from assault, battery, violence,  and participating in the use of unjustified, unnecessary, unreasonable, malicious , and excessive force on the Plaintiffs;
   (b)  Failing to stop the other officer Defendants, from assaulting, beating and injuring the Plaintiffs; and failing to prevent the same;
   (c)  Willfully, wantonly, maliciously, recklessly and/or with callous indifference to Plaintiffs' federally protected rights using unreasonable, unnecessary, unjustified, malicious means and/or reasons, and, permitting and/or using excessive force upon Plaintiffs;
   (d)  Willfully, wantonly, maliciously, recklessly and/or with callous indifference to Plaintiffs' federally protected rights to be free from

Case ID: 191202727
Control No.: 21030997

unreasonable searches and seizures and to be secure in their personage and house;

(e)     Failing and/or preventing discrimination against the Plaintiffs; and,

(f)     Failing to stop the other officer Defendants, from destroying the Plaintiffs' home and property.

50. As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the Plaintiffs' civil rights, the Plaintiffs suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above and which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

**COUNT IV**

**PLAINTIFFS' V. DEFENDANTS, CITY, SWEENEY, WALEY,WATSON AND JOHN OR JANE DOES 1-10**
**42 U.S.C. SECTION 1983**

51. All prior paragraphs are incorporated herein by reference as though fully set forth.

**52.**     Plaintiffs' claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against all of the individual Defendants herein for violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States to be free from unreasonable search and seizure of their person and the violation of their rights under the Fourteenth Amendment to the United States to equal protection under the law.

53.     The aforesaid actions of all Defendants deprived Plaintiffs of their rights, privileges and immunities under the United States Constitution, particularly the right to be free from unreasonable search and seizure, which violated the Plaintiffs' rights under the Fourth Amendment to the Constitution of the United States which was in violation of 42 U.S.C. § 1983.

54.     As a direct and proximate result of the violation of Plaintiffs' rights under the to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 by all Defendants, the Plaintiffs were wrongfully deprived of his liberty and  choice of job, avocation and employments.

55.     The actions of Defendant Officers, as more specifically described above, were unlawful, unnecessary and without justification and constituted the use of excessive force and assault and battery.

56.     As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the Plaintiffs' civil rights, the Plaintiffs suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above which are incorporated herein by reference.

        WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

**COUNT V**
**PLAINTIFFS' V. DEFENDANTS, CITY, SWEENEY, WALEY,WATSON AND JOHN OR JANE DOES 1-10**
**42 U.S.C. SECTION 1985**

57.     All prior paragraphs are incorporated herein by reference as though fully set forth.

58.     Plaintiffs' claims damages for the injuries set forth above under 42 U.S.C. Section 1985 against all of the individual Defendants herein for conspiring to violate of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution to equal protection under the laws and freedom from invidious discrimination on the basis of race, ethnicity and his disabilities.

59.     The actions and inactions taken against the Plaintiffs occurred due to their race – African American.

60.    As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the Plaintiffs' civil rights, the Plaintiffs suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above, and which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

**COUNT VI**
**PLAINTIFFS' V. DEFENDANTS, SWEENEY, WALEY,WATSON AND JOHN OR JANE DOES 1-10**
**42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH**
**AMENDMENT VIOLATIONS - CONSPIRACY**

61.    Plaintiffs incorporates by reference the averments of the preceding paragraphs as fully as though same were set forth herein in their entirety.

62.  The aforesaid actions of Defendants in communicating, conferring, and mutually agreeing, whether verbally and/or silently, to fabricate evidence in order to charge and prosecute the Plaintiffs without probable cause and/or to cover up the Defendant, Officers', brutality and failures to follow policies and/or procedures constituted a conspiracy to deprive Plaintiffs of his rights, privileges and immunities under the United States Constitution, particularly the right to be free from unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States and his right to procedural due under the Fourteenth Amendment to the Constitution of the United States,  and was in violation of 42 U.S.C. § 1983.

63.  As a direct and proximate result of the conspiracy on the part of Defendants to violate Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, the Plaintiffs was wrongfully deprived of his liberty, including false

Case ID: 191202727
Control No.: 21030997

arrest, false imprisonment, malicious prosecution, being a victim of excessive force and being incarcerated, and lack of proper and necessary medical treatment.

64. As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the Plaintiffs' civil rights, the Plaintiffs suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

**COUNT VII**
**PLAINTIFFS' V. DEFENDANTS, CITY, SWEENEY, WALEY,WATSON AND JOHN OR JANE DOES 1-10**
**ASSAULT AND BATTERY**

65. Plaintiffs hereby incorporate by reference all prior allegations the same as though set forth herein at length.

66. Defendants recklessly, intentionally, willfully, wantonly, maliciously, and unlawfully beat, injured, punched, hit, kicked, verbally abused, otherwise assaulted and battered the Plaintiffs and/or permitted the same and/or failed to stop the same and placed him in fear for his safety as more fully stated hereinbefore.

67. At all relevant and material times hereto, Defendants lacked the authority, reason and/or cause to permit Defendant, Officers, to strike, assault, batter, verbally abuse, use excessive force upon and/or otherwise injure the Plaintiffs.

68. The Defendants negligently, recklessly, and grossly negligently failed to protect the Plaintiffs, and others so situated, from being assaulted, battered and subject to excess force by a violent officer and then failed to stop and report the assault and battery of the Plaintiffs.

Case ID: 191202727
Control No.: 21030997

69. The Defendants negligently, recklessly, and grossly negligently failed to protect the Plaintiffs, and others so situated, from being attacked by a known and/or should have been known violent officer and then failed to stop the assault and battery and/or to report the assault and battery of the Plaintiffs.

70. Defendant, Officers, as well as the other named officers, saw the Plaintiffs being beaten by Defendant, Officers, and failed to stop the same.

71. Defendant, Officers, as well as the other named officers, knew that the Plaintiffs was being arrested without probable cause by Defendant, Officers, and failed to prevent the same in order to allege a defense to excessive use of force claim.

72. The actions of Defendant Officers, as more specifically described above, were unlawful, unnecessary and without justification and constituted the use of excessive force and assault and battery.

**73.** As a direct and proximate result of the actions and/or inactions of Defendant Officers the Plaintiffs suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above and which are incorporated herein by reference.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

### COUNT VIII
### NEGLIGENT AND INTENTIONAL ACTS
### PLAINTIFF v. ALL DEFENDANTS

74. Plaintiffs hereby incorporate all prior paragraphs, the same as though set forth herein at length.

Case ID: 191202727
Control No.: 21030997

75.   As stated herein, the actions and inactions of the defendants were negligently, carelessly, recklessly, intentionally, willfully and wantonly directed towards the plaintiffs without any justification or cause.

76.   As a direct and proximate result of Defendants' aforementioned violent actions toward Plaintiffs, they have sustained the above-refenced injuries and damages

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

## COUNT IX – CONSPIRACY
## PLAINTIFF V. ALL DEFENDANTS

77.   Plaintiffs hereby incorporate all prior paragraphs, the same as though set forth herein at length.

78.   The Defendant's, acting jointly and in concert, entered into an agreement to harass, stalk and otherwise do and/or not do the activities stated herein before in an effort to harm the Plaintiff and his property.

79.   As a direct and proximate result of Defendants aforementioned violent actions toward Plaintiff, Plaintiff has sustained injuries to his head, neck face, and back, including, but not limited to, severe headaches, blurred vision, dizziness, stiff and painful neck, upper and lower back pain, and pain in both arms and hands.  Plaintiff also experiences heart palpitations and shortness of breath, since being attacked by defendants.  All of the foregoing injuries have caused plaintiff to suffer great mental anguish and physical pain, , some or all of which may continue for an indefinite time into the future.

80. As a direct and proximate result of the aforementioned, Plaintiffs have received injuries for which he has been forced to receive and undergo medical care and attention, and to incur various expenses therefrom, , some or all of which may continue for an indefinite time into the future.

81. As a direct and proximate result of defendants' actions, the plaintiffs have been caused to suffer great pain and suffering and emotional harm, some of which may be permanent and is continuing.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

### COUNT X - LOSS OF CONSORTIUM
### PLAINTIFFS V. ALL DEFENDANTS

82. Plaintiffs hereby incorporate by reference all preceding paragraphs as though the same were set forth herein at length.

83. As a result of the aforesaid negligence, carelessness, and recklessness, Both Plaintiffs, have lost life's pleasures, the emotional effects of which may continue for an indefinite into the future.

84. As a result of the aforesaid negligence, carelessness, and recklessness, Both Plaintiffs, have had other out of pocket expense some or all of which may continue into the future.

85. Each Plaintiff spouse as a result of the negligence of defendants has been deprived of the consortium, society and companionship of the other.

WHEREFORE, Plaintiffs, demand judgment against the Defendants, jointly and severally, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) in compensatory damages, plus out of pocket expenses, punitive damages, interest, costs and delay damages.

### COUNT XI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFFS V. ALL DEFENDANTS

Case ID: 191202727
Control No.: 21030997

86. Plaintiffs incorporate by reference all prior paragraphs the same as though set forth herein at length.

87. The actions and/or inactions of All Defendants, as set forth more specifically infra., were negligent, careless, and reckless which resulted in the negligent infliction of emotional distress to each Plaintiff.

88. As a direct and proximate result of the negligent acts and failures to act of all of the Defendants, each plaintiff sustained physical harm, physical and emotional/mental pain and suffering, in the presence of the other.

89. As a direct and proximate result of their observations of the physical harm, pain and suffering, each Plaintiff sustained severe emotional injury resulting in bodily harm, including but not limited to depression, anxiety, crying, insomnia, and/or loss of appetite and sleep, and as more specifically stated herein, and for which they received medical treatment.

90. As a direct and proximate result of Defendants' aforementioned violent actions toward Plaintiffs, they have sustained the above-refenced injuries and damages

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

**COUNT XII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFFS V. ALL DEFENDANTS**

91. Plaintiffs incorporate by reference all prior paragraphs the same as though set forth herein at length.

92. The actions and/or inactions of All Defendants, as set forth more specifically, infra., were malicious, willful, wanton, reckless, grossly negligent and so outrageous in the extreme as to go

Case ID: 191202727
Control No.: 21030997

beyond all bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized society and resulted in the intentional infliction of emotional distress to Plaintiffs.

93.     Defendants were aware that it was highly probable that their actions and/or inactions would cause severe emotional distress to both each Plaintiff, and they willfully, wantonly, maliciously, recklessly and/or grossly negligently disregarded this fact and did not alter their behavior.

94.     As a direct and proximate result of Defendants' aforementioned violent actions toward Plaintiffs, they have sustained the above-refenced injuries and damages.

WHEREFORE, Plaintiffs demand judgement against all Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ( $50,000.00 ), plus costs, delay damages, interest, punitive damages and attorney's fees.

.

Respectfully submitted,

**RANIA MAJOR, P.C.**

BY:     /s/ Rania M. Major, Esquire
Rania M. Major, Esquire

**VERIFICATION**

I, Rania M. Major, Esquire, verify that the statements made in the attached

Pleading are true and correct to the best of my information, knowledge and belief.  I understand

Case ID: 191202727
Control No.: 21030997

that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

/s/Rania M. Major, Esquire
Rania M. Major, Esquire
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Rania M. Major, Esquire, Attorney for Plaintiff, hereby certifies that on March 9, 2021, I caused a true and correct copy of the within Motion to Open Non-Pros, to be served upon the Counsel for Defendants below-named, as follows:

Via the Electronic Case Filing System:

Assistant City Solicitor's Office
1515 Arch Street, 14th Floor
Philadelphia. PA 19102

**RANIA MAJOR, P.C.**

/s/ Rania M. Major, Esquire
Rania M. Major, Esquire

Date: March 9, 2021

Exhibit "G"

City of Philadelphia Law Department                     Attorney for Defendants
KATHRYN FARIS, ESQUIRE
Assistant City Solicitor
Attorney Identification No. 318580
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5445
(215) 683-5397 (fax)
kathryn.faris@phila.gov

|  |  |
|---|---|
|  | :   COURT OF COMMON PLEAS |
| RYAN MARTIN | :   COURT OF COMMON PLEAS |
|  | : |
| vs. | :   DECEMBER TERM 2019 |
|  | : |
| CITY OF PHILADELPHIA et al | : |
|  | : |
|  | :   No.  2727 |

### NOTICE OF FILING OF NOTICE OF REMOVAL

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  December 6, 2021                    */s/ Kathryn Faris*
                                           Kathryn Faris, Esquire

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' — Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability — ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine — Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal — ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | Injury — ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education — ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     *Kathryn Faris*     _____
                                            Must sign here
                                   *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*                    *B.*     *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts          ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                                  ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                             ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                             ☐  4.  Marine Personal Injury
☐  5.  Patent                                                                ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                           ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights                                                          ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                         ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                               ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                                  *(Please specify):* _____
☐  11. All other Federal Question Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____     *Kathryn Faris*     _____
                                   Sign here if applicable
                                   *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**RYAN MARTIN, et al.**                                    **Civil Action**

**v.**

**CITY OF PHILADELPHIA,**
**et al.**                                                **No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (   )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (   )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            (   )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.        ( **X** )

| December 6, 2021 | **Kathryn Faris, Esq.** | **City of Philadelphia Defendant** |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| **(215) 683-5445** | **(215) 683-5397** | **kathryn.faris@phila.gov** |
|---|---|---|
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02